IN THE U.S. DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DARLINDA S.,[1]

Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,[2]

Defendant.

Case No. 6:17-cv-00087-AA
**OPINION AND ORDER**

---

AIKEN, Judge

Plaintiff Darlinda S. brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied plaintiff's application for Supplemental

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

[2] Nancy A. Berryhill's term as the Acting Commissioner of the Social Security Administration (SSA) ended on November 17, 2017, and a new Commissioner has not been appointed. The official title of the head of the SSA is the "Commissioner of Social Security." 42 U.S.C. § 902(a)(1). A "public officer who sues or is sued in an official capacity may be designated by official title rather than by name." Fed. R. Civ. P. 17(d). This Court, therefore, refers to defendant only as Commissioner of Social Security.

Security Income ("SSI"). For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

This is plaintiff's fourth disability claim. Claims plaintiff filed in May 2006, February 2007, and October 2010 were all denied by the Commissioner. In response to plaintiff's October 2010 application, an ALJ issued a written opinion rejecting plaintiff's claim in April 2013. In June 2014, plaintiff submitted the SSI application that is the subject of this action. Plaintiff alleged disability beginning May 30, 2013, due to kidney cancer, kidney removal, sciatica, left shoulder impingement syndrome, diabetes, fibromyalgia, hypertension, high cholesterol, sinus bradycardia, right ventricular hypertrophy, scoliosis of the lumbar spine, dyspnea upon exertion, costochondritis, biliary reflux, cervicalgia, epicondylitis, carpal tunnel syndrome, and right hip trochanteric bursitis. Her application was denied initially, and upon reconsideration. On July 30, 2015, plaintiff appeared at a hearing before an ALJ. At the hearing, plaintiff testified and was represented by an attorney. A vocational expert ("VE") also testified. The ALJ found plaintiff not disabled in a written decision issued September 21, 2015. After the Appeals Council denied review, plaintiff filed the present complaint in this Court.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based upon proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (citation and quotation marks omitted). The court must weigh "both the

evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the plaintiff to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a)(4); *id.* § 416.920(a)(4). At step one, the ALJ found plaintiff had not engaged in "substantial gainful activity" since the alleged disability onset date of May 30, 2013. Tr. 22-23; 20 C.F.R. §§ 404.1520(a)(4)(i), (b); *id.* §§ 416.920(a)(4)(i), (b). At step two, the ALJ found plaintiff had the following severe impairments as of the alleged onset date: "fibromyalgia; carpal tunnel syndrome; shoulder impingement syndrome; hypertension; marijuana dependence; mild degenerative disc disease with radiculopathy; osteoporosis of the lumber spine; clear cell adenocarcinoma of the right kidney, status post nephrectomy; and irritable bowel syndrome." Tr. 23; 20 C.F.R. §§ 404.1520(a)(4)(ii), (c); *id.* §§ 416.920(a)(4)(ii), (c). The ALJ considered the record evidence of gastroesophageal reflux disease, diabetes mellitus, and hyperlipidemia and concluded they were not severe impairments because the record did not "document any resulting

functional limitations that would significantly affect the claimant's ability to perform basic work activities for a continuous period of at least 12 months." Tr. 23.

At step three, the ALJ determined plaintiff's impairments, whether considered singly or in combination, did not meet or equal "one of the listed impairments" that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. Tr. 23; 20 C.F.R. §§ 404.1520(a)(4)(iii), (d); *id.* §§ 416.920(a)(4)(iii), (d).

The ALJ then assessed plaintiff's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e); *id.* § 416.920(e). The ALJ found plaintiff has the residual functional capacity to:

> [p]erform a range of light work as defined in 20 CFR 416.967(b), except she can frequently climb ramps or stairs, but only occasionally climb ladders, ropes, or scaffolds. She can engage in frequent overhead reaching bilaterally. She can frequently stoop, kneel, crouch, or crawl. She must avoid more than occasional exposure to workplace hazards, such as unprotected heights and moving mechanical parts. She must be permitted to take three 5-minute breaks in addition to normal breaks.

Tr. 23.

At step four, the ALJ concluded plaintiff could perform her past relevant work as a cashier and was thus not disabled. As an alternative finding, the ALJ proceeded to step five and determined plaintiff could perform other jobs existing in significant numbers in the national economy such as sorter, assembler, or marker. 20 C.F.R. §§ 404.1520(a)(4)(v), (g)(1). Accordingly, the ALJ found plaintiff not disabled and denied her application for benefits.

## DISCUSSION

Plaintiff raises four allegations of error on appeal. She contends the Commissioner erred in: (1) failing to adopt the previous ALJ's findings from an April 2013 opinion; (2) failing to provide clear and convincing reasons for discrediting plaintiff's testimony; (3) failing to provide legally sufficient reasons to discredit the opinion of Ms. Randall, plaintiff's treating nurse

practitioner; and (4) finding that plaintiff retains the ability to perform her past work. I address each argument in turn.

I. *Previous ALJ Findings*

Plaintiff first contends that the ALJ erred in failing to adopt another ALJ's 2013 findings. Specifically, the current ALJ failed to adopt the functional limitations established in the 2013 opinion. A claimant may rebut a previous finding of non-disability by alleging changed circumstances such as advancing in age, increased severity of symptoms, or new disabling ailments. *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988); *see also Gregory v. Bowen*, 844 F.2d 664, 666 (9th Cir. 1988); *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985). "If the claimant rebuts the presumption, adjudicators then must give effect to certain findings . . . contained in the final decision by an ALJ[.]" SSAR 97-4(9), 1997 WL 742758 (Dec. 3, 1997); *see also Chavez*, 844 F.2d at 695. A claimant's RFC, education, and work experience are among the findings a subsequent ALJ must credit unless there is new and material evidence related to such findings. *Id.*

All parties concede that plaintiff rebutted the presumption of non-disability. She alleged advancement in age and new medical impairments in her SSI application as well as more severe pain symptoms during her hearing. However, the ALJ refused to adopt the 2013 RFC, instead adopting a new, less-limiting RFC. Plaintiff argues that this decision was not legally justifiable as no new and material evidence had surfaced. I disagree. The ALJ expressly gave significant weight to the findings of the agency's medical consultants, Dr. Susan Moner and Dr. Leslie Arnold. In their reports, the consultants evaluated plaintiff's medical history and complaints and determined a preliminary RFC based on the available evidence. This RFC, while largely

consistent with the final RFC, was markedly different from the 2013 RFC. This meant that it was new and material evidence.

Plaintiff goes on to assert that this inconsistency was unjustified. However, the ALJ chose to give great weight to the consultants' report in part because it was unchallenged by other medical reports. Additionally, the ALJ found that the medical consultants' opinion was consistent with "more recent evidence." Tr. 25. The ALJ's decision to defer to the medical opinions was supported by substantial evidence. The ALJ's determination that this report was new and material evidence was also supported by substantial evidence. Therefore, I find no error in the ALJ's failure to adopt the 2013 findings of a previous ALJ.

II. *Plaintiff's Credibility*

Plaintiff next challenges the ALJ's decision to assign little weight to her subjective symptom testimony. The ALJ found that although plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible[.]" Tr. 25. When a claimant's medically documented impairments reasonably could be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of ... symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which ... testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). If the "ALJ's credibility finding is supported by substantial evidence in the

record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

At her administrative hearing, plaintiff testified that she experiences back pain, hip pain, side pain, foot pain, muscle spasms, trouble sleeping, headaches, and "kaleidoscope vision." Tr. 46-51, 53-54, 56-58, 60. Per plaintiff, bending and stooping caused shooting pain to radiate throughout her lower back and hips. She reported being able to complete 5-15 minutes of work, after which she must take a 20-45 minute rest. Plaintiff attested she must endure three hours of pain after vacuuming and cannot function for the rest of the day. Plaintiff also reported that she could not dust, took three days to complete a single load of laundry, found extreme reaching painful, and could only carry light groceries such as bread, butter, and half gallons of milk. Plaintiff testified that she could perform at least some walking and tried to conduct stretches to help with her muscle spasms. Plaintiff also testified that her functional limitations were "probably about the same" as those listed in the previous (April 2013) ALJ opinion, except she must take breaks more often because the pain is more severe than at that time. Tr. 49.

Plaintiff has reported back pain to healthcare providers since at least April 2013. In fact, plaintiff reported some combination of back, neck, chest, and hip pain at nearly every medical appointment in the record. Plaintiff also reported a variety of other symptoms, from "kaleidoscope vision" to insomnia to diarrhea, throughout the adjudication period. Tr. 243-513. During a medical appointment in May 2014, plaintiff reported that she could walk four blocks and climb two flights of stairs without problems.

The ALJ gave less weight to plaintiff's testimony about her symptoms for two primary reasons. First, the ALJ found that plaintiff's statements contradicted themselves at times. An ALJ may consider a range of facts in assessing how much weight to give to subjective symptom

Page 7 – OPINION AND ORDER

testimony, including prior inconsistent statements concerning the symptoms. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). The ALJ noted that plaintiff listed renal cell carcinoma as a disabling condition on her application for SSI benefits. However, plaintiff suffered no ongoing limitations as a result of her renal cell carcinoma and subsequent kidney removal. She acknowledged as much at her hearing, indicating that "at this point," treatment was successful. The ALJ supplied this contradiction as evidence that plaintiff's credibility was dubious. This cannot be used as discrediting evidence. The SSI application states: "List all of the physical or mental conditions . . . that limit your ability to work. If you have cancer, please include the stage and type." Tr. 184. Plaintiff had her kidney removed to eradicate her cancer in May 2014. Plaintiff's doctors instructed her to schedule routine follow up appointments "for a minimum of five years" to ensure the cancer had not spread. Tr. 283. Less than one month after surgery, plaintiff filed the present SSI application. Plaintiff almost certainly thought of herself as "having cancer." Thus, she cannot be penalized for following the application's instructions. The ALJ also noted that plaintiff's denial of tenderness in her back in May 2015 "argues against the presence of a progressive pain disorder" and plaintiff's ongoing reports of pain. Tr. 25. Here, the ALJ was plainly wrong. Plaintiff complained of back pain at this appointment and the treating provider noted "[p]ositive for back pain (sciatica)" on plaintiff's medical chart. Tr. 439. The ALJ's assessment that plaintiff's testimony contradicted itself was not supported by substantial, or any, evidence.

Next, the ALJ discredited plaintiff's testimony regarding back pain as inconsistent with the medical evidence. Tr. 25. Inconsistency between a claimant's symptom testimony and the medical record is a valid consideration in assigning weight to the symptom testimony. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). During most of plaintiff's appointments, a

medical professional performed a standard preliminary examination, noting abnormalities and complaints. Examiners occasionally noted tenderness. However, the examiners consistently observed that plaintiff had a "normal range of motion." *See, e.g.*, Tr. 300, 307, 312, 316. The ALJ found that although plaintiff's lumbar disc degeneration could "reasonably support" plaintiff's complaints of pain, the condition did not limit her functionality. Tr. 25. He noted that plaintiff's "inability to work without some pain and discomfort, however, does not necessarily satisfy the test for disability under the provisions of the Act." Tr. 25. Though plaintiff did not require objective medical evidence to *prove* the intensity of her pain at this stage, *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997), the available objective medical evidence actually *opposed* plaintiff's claims of disability. Plaintiff maintained a normal range of musculoskeletal motion at virtually every appointment on record. This was inconsistent with plaintiff's general assertion that she was precluded from work because of immobility caused by back pain. Additionally, the ALJ found that the state's medical consultants determined plaintiff could perform light work, even after accounting for her degenerative lumbar and other conditions. Tr. 25. Plaintiff's complaints were inconsistent with this medical evidence as well.

Though the ALJ erred in finding plaintiff's statements inconsistent with themselves, it was a harmless error. The ALJ identified substantial evidence in support of a clear and convincing reason to discredit plaintiff's testimony.

III. *Lay Witness Credibility*

Plaintiff also argues that the ALJ failed to provide legally sufficient reasons for rejecting the opinion of Ms. Randall, plaintiff's primary care provider and a Family Nurse Practitioner

Page 9 -- OPINION AND ORDER

(FNP). Ms. Randall is a lay witness.[3] Evidence from lay witnesses, including nurse practitioners, is competent evidence that an ALJ must take into account. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citing *Dodrill*, 12 F.3d at 918-19). The ALJ must give reasons germane for rejecting such evidence, such as inconsistencies with the medical evidence. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (citing *Nguyen*, 100 F.3d at 1467); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). However, where the ALJ has provided clear and convincing reasons for rejecting the claimant's symptom testimony, and the lay witness has not described limitations beyond those alleged by the claimant, the failure to provide germane reasons for rejecting the lay testimony is harmless error. *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012) (citations omitted).

The ALJ afforded little weight to Ms. Randall's medical evaluation. *See* Tr. 483. Specifically, he identified one opinion that Ms. Randall actually expressed in the evaluation: plaintiff would miss more than two days of work per month due to her medically determinable impairments.[4] The ALJ provided two reasons for disregarding this opinion. First, he observed that the evidence Ms. Randall cited to support her opinion was composed of unreliable or inadmissible sources. Instead of describing plaintiff's symptoms on a medical evaluation sheet, Ms. Randall simply wrote "see attached list Pt completed[.]" Tr. 482. Ms. Randall was referencing a lengthy symptom report prepared by plaintiff herself. As he had already discredited plaintiff's subjective symptom testimony, the ALJ found this unreliable as well. The only other significant evidentiary basis of Ms. Randall's opinion was a 2012 functional capacity

---

[3] At the time of plaintiff's ALJ hearing and decision, the SSA considered FNPs "non-acceptable" medical sources and thus considered them "other source" evidence. SSR 06-03P, 2006 WL 2329939 (Aug. 9, 2006). This rule changed in March 2017. 20 C.F.R. § 404.1502;

[4] Plaintiff contends that Ms. Randall also expressed a need for plaintiff to lie down or rest periodically throughout the workday due to fatigue. Because the RFC incorporates such rest periods, the ALJ's treatment of that statement need not be considered by the Court

Page 10 – OPINION AND ORDER

evaluation by Tom Zomerschoe, a physical therapist. Plaintiff contends that this evaluation should be admissible because Ms. Randall reviewed and considered the assessment in June 2015, well within the current adjudicatory period. This is unconvincing. As the ALJ noted, "[t]he physical therapist's observations occurred well outside the period under review, and cover a period that was already adjudicated by a previous administrative law judge . . . they are therefore irrelevant in the current proceeding." Tr. 26. I see no reason to depart from the ALJ's reasoning. Mr. Zomerschoe's evaluation, regardless of the credit Ms. Randall gave to it, was outdated by the time Ms. Randall reviewed it three years later. Because I agree with the ALJ in finding these evidentiary sources untenable, I also agree with the ALJ that Ms. Randall's opinion was contradicted by medical evidence. The ALJ also remarked that Ms. Randall's opinion was inconsistent with her own clinical observations which consistently noted plaintiff's full range of motion. Though I take no view on whether Ms. Randall's opinion and observations actually conflict, the ALJ's decision was clearly supported by more than a "mere scintilla" of evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Therefore, I find the ALJ provided at least two germane reasons to discredit Ms. Randall's opinion.

I do find that the ALJ erred in finding that Ms. Randall's opinion conflicted with that of Dr. Kusuda, plaintiff's urologist. The scope of Dr. Kusuda's care for plaintiff was clearly limited to plaintiff's renal cancer. Plaintiff's appointments with Dr. Kusuda were periodic follow-ups conducted after plaintiff's kidney was removed. Dr. Kusuda's concerns focused on cancer recurrence and functional limitations related to plaintiff's surgery. Dr. Kusuda's medical evaluation constantly referenced plaintiff's surgery and healing period. When discussing plaintiff's need for rest throughout the day, Dr. Kusuda wrote, "[t]his only pertains to urologic condition." Tr. 284. Because Dr. Kusuda's opinion was limited to plaintiff's cancer treatment,

Ms. Randall's opinions with regard to plaintiff's other medical conditions should not have been discredited on this basis.

Though the ALJ erred in finding Ms. Randall's opinion conflicted with Dr. Kusuda's, the error was harmless given the other germane reasons provided for not crediting her opinion. Thus, the ALJ provided legally sufficient reasons to discredit Ms. Randall's lay testimony.

IV. *Step Five Findings*

Finally, plaintiff assigns error at step five on three bases: (1) the ALJ improperly disregarded a previous ALJ's conclusions; (2) the ALJ improperly used grids in 20 C.F.R. § Pt. 404, Subpt. P, App. 2, tbl.1 to find plaintiff not disabled; and (3) the ALJ failed to take Ms. Randall's opinion into account. For the reasons previously stated, assignments of error (1) and (3) can be summarily dismissed. Turning the second assignment, plaintiff contends that she qualified as disabled under Medical-Vocational Rule 201.14, located in Table 1 of 20 C.F.R. § Pt. 404, Subpt. P, App. 2. However, this table determines disability status for workers limited to sedentary roles. As previously discussed, the ALJ committed no impactful error in formulating the RFC and finding plaintiff capable of light work. Table 2 of the same appendix considers disability for those capable of light work and is therefore the relevant reference. Under Medical-Vocational Rule 202.14 of this table, plaintiff is not disabled. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 2, tbl.2. The ALJ committed no error at step five of the analysis.

///

///

///

///

///

## CONCLUSION

The Commissioner's decision is AFFIRMED, and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 28th day of September 2018.

/s/ Ann Aiken
Ann Aiken
U.S. District Judge